LEWIS ROCA ROTHGERBER CHRISTIE LLP
John C. Gray (CA Bar No. 267686)
E-mail:        jgray@lewisroca.com
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602-262-5331

Robert M. Charles, Jr. (AZ Bar No. 7359 – *pro hac vice pending*)
E-mail:        RCharles@lewisroca.com
One South Church Avenue, Suite 2000
Tucson, AZ  85701-1611
Tel:   520.629.4427
Fax:   520.622.3088

Attorneys for Plaintiffs
Black Soil Asset Management Limited, and
Qiang Chang Sun

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Black Soil Asset Management Limited, a company incorporated and existing under the laws of the British Virgin Islands; and Qiang Chang Sun, a resident of Hong Kong, PRC,<br><br>    Petitioners,<br><br>  v.<br><br>Qian Wang, a United States citizen and California resident,<br><br>    Respondent. | No.  3:23-cv-04493<br><br>**Petition To Confirm Foreign Arbitral Award and For Entry of Judgment** |

Petitioners allege:

### Introduction

1. This is an action to recognize and enforce an international arbitral award (the "Award") under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is commonly referred to as the "New York Convention." The New York Convention is implemented by the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*.

**Jurisdiction**

2.  Jurisdiction in this Court is proper under 9 U.S.C. § 203, which provides that United States district courts "shall have original jurisdiction" over an action that falls under the New York Convention. Jurisdiction is also proper under 28 U.S.C. § 1331, as this action is "deemed to arise under the laws and treaties of the United States," as stated in 9 U.S.C. § 203. The New York Convention applies because the Award concerns an arbitration between nationals of different countries (China and the United States), both of which have ratified the New York Convention. In addition, the arbitration was seated in Hong Kong, which has ratified the New York Convention upon resumption of sovereignty by the People's Republic of China ("China") over Hong Kong since China extended the territorial application of the treaty to Hong Kong.

3.  Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391 because the Award falls under the terms of the New York Convention, and Respondent Qian Wang ("Mr. Wang") has assets here in this District.

**Parties**

4.  Petitioner Black Soil Asset Management Limited ("Black Soil"), is a corporation duly organized and existing under the laws of the British Virgin Islands, with a registered office at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands.

5.  Petitioner Qiang Chang Sun ("Mr. Sun") holds a passport from the Hong Kong Special Administrative Region of the People's Republic of China and is a resident of Hong Kong.

6.  Mr. Wang is a United States citizen who, on information and belief, maintains a U.S. address at 10 Winding Lane, Orinda, Contra Costa County, CA.

7.  The United States, British Virgin Islands and Hong Kong (China) are parties to the New York Convention.

121948984.3

**Divisional Assignment**

8. Mr. Wang's U.S. address is at 10 Winding Lane, Orinda, Contra Costa County, CA. Venue is proper in this Court under 9 U.S.C. § 204.

**Factual Background**

9. The Award arises from an arbitration before the HKIAC filed by Petitioners Black Soil and Mr. Sun against parties identified as 1st Respondent SICCO Investment Inc. ("SICCO") and 2nd Respondent Mr. Wang.

10. The Award is dated June 30, 2023. An accurate copy of the Award is attached and incorporated as **Exhibit A** to the Declaration of Yuanfang Teng ("Teng Decl.") submitted with this Petition.

11. The Award arose out of an Arbitration concerning a debt recovery claim for $33,500,000 plus a claim for interest and costs by Petitioners against Respondents under three "Loan Agreements" (as recited in ¶ 1 of the Award):

    a. a 1st Loan of $25,000,000 dated 28 August 2018 ("1st Loan Agreement");

    b. a 2nd Loan of $3,000,000 dated 30 August 2018 ("2nd Loan Agreement"); and,

    c. a 3rd Loan of $20,000,000 dated 13 December 2018 ("3rd Loan Agreement").

12. With respect to agreement to arbitration, each of the three Loan Agreements provides (as recited in ¶ 51 of the Award):

> <u>Clause 12.2</u>: "Any dispute, difference or claim arising out of, in connection with or relating to this Contract (each a "**Dispute**") shall be first consulted and resolved through amicable discussion among the Parties. If such Dispute fails to be resolved through amicable discussion within thirty (30) days within the service of written request of consultation, it shall be submitted to the Hong Kong International Arbitration Centre ("**HKIAC**") and finally resolved by arbitration in Hong Kong in accordance with the

HKIAC Arbitration Rules then in effect. The arbitral tribunal shall consist of three (3) arbitrators, of which each Party will have the right to appoint one arbitrator, and the third arbitrator shall appointed [sic] jointly by such two arbitrators. The arbitral proceedings shall be conducted in English."

13. The Award reflects that the Arbitrators considered the position of the parties, witness statements, and evidence, including at a substantive hearing on November 14, 15 and 16, 2022.

14. The Award includes an award of post-award interest at the rate of interest determined by the Chief Justice under section 49(a)(b) (Interest on judgments) of the High Court Ordinance (Cap. 4) from time to time. On June 30, 2023, that interest rate was 8.583% but adjusted to 8.662% from 1 July onwards per annum.

15. The Award provides that each of the Respondents is obligated to Petitioners as follows:

    a. For $25,000,000 of the outstanding principal on the 1st Loan;

    b. For interest on the 1st Loan calculated pursuant to the Interest Rate in the 1st Loan Agreement of $325,000 per calendar month from August 1, 2021, through the June 30, 2023, date of the Award, which computes to $7,475,000;

    c. For interest on the foregoing amounts in paragraphs a and b pursuant to the Judgment Rate[1] ($7,706.81 per diem) after the June 30, 2023, date of the Award, i.e. from July 1, 2023, until final payment;

    d. For $8,500,000 of the outstanding principal on the 3d Loan;

    e. For interest on the 3d Loan calculated pursuant to the Interest Rate in the 3d Loan Agreement of $110,500 per calendar month from August 1, 2021, through the June 30, 2023, date of the Award, which computes to $2,541,500;

---

[1] The Judgment Rate was 8.662% on July 1, 2023, and was 8.583% on the June 30, 2023, date of the Award.

f. For interest on the foregoing amounts in paragraphs d and e pursuant to the Judgment Rate ($2,620.31 per diem) after the June 30, 2023, date of the Award, i.e. from July 1, 2023, until final payment;

g. For Plaintiffs' legal costs and expenses of RMB[2] 2,859,911.72 and HKD[3] 1,815,776.08 as of June 30, 2023; and

h. The Costs of the Arbitration of HKD 1,213,124.00 as of June 30, 2023.

16. The total of the Award as of June 30, 2023, was $44,305,778.48, and this amount bears interest at the Judgment Rate of 8.662% per annum, or $10,660.46 per diem. A table summarizing these calculations is attached and incorporated to the Teng Decl. as **Exhibit B**.

### FIRST CAUSE OF ACTION
### (Confirmation Of Award)

17. The law governing the confirmation of international arbitral awards is straightforward and is consistent with the strong policy favoring arbitration of commercial disputes. This applies "with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

18. The Federal Arbitration Act ("FAA") provides that, within three years of an arbitral award falling under the New York Convention, "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. §207. A petition to enforce an arbitration award is an expedited proceeding that is treated as a motion under the Federal Rules. 9 U.S.C. § 106; *Alcatel Space, S.A. v. Loral Space & Commc'ns, Ltd.*, 2002 U.S.

---

[2] RMB refers to the currency of the People's Republic of China. Yuan is the unit of RMB. Yuan and RMB are interchangeable, similar to U.S. dollar and dollar. This Petition and the accompanying Proposed Order and Proposed Judgment use the offshore exchange rate as of June 30, 2023, the date of the Award, which is 1 USD = 7.2856 RMB. The conversion rate is found at: https://mds1a.trkd-hs.com/bochkfxibs/chart?lang=en&cc=HK.

[3] HKD refers to the currency of Hong Kong, the Hong Kong Dollar. This Petition and the accompanying Proposed Order and Proposed Judgment use the exchange rate as of June 30, 2023, the date of the Award, which is 1 USD = 7.8386 HKD. The conversion rate is found at: https://mds1a.trkd-hs.com/bochkfxibs/chart?lang=en&cc=HK.

1  Dist. LEXIS 11343, *4 (S.D.N.Y. June 25, 2002) ("the confirmation of an arbitral award is a summary proceeding that merely makes what is already a final arbitration award a judgment of this court").

19. Petitioners have brought this proceeding within three years after the Award was made on June 30, 2023.

20. District courts have jurisdiction for actions arising under the New York Convention pursuant to 9 U.S.C § 203. Three requirements exist for the action or proceeding to fall under the New York Convention and confer jurisdiction on a district court: "the award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope." *Ministry of Def. of Islamic Republic of Iran v. Gould, Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989).

21. Here, the Award arises out of the Loan Agreements, a legal relationship between Petitioners and Respondent. The Loan Agreements are commercial in nature and pertain to transactions that are not domestic. All three elements for jurisdiction under the New York Convention exist here.

22. The FAA implements the New York Convention obligations in domestic law in its second chapter. *China Nat'l Metal Prods. Imp./Exp. Co. v. Apex Digit., Inc.*, 379 F.3d 796, 799 (9th Cir. 2004); 9 U.S.C. §§ 201-208. Section 207 of the FAA provides that a U.S. court "shall confirm" a foreign arbitral award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [Convention]." *Id.*; 9 U.S.C. § 207. The FAA incorporates by reference the Convention's seven enumerated exceptions or defenses to the mandatory recognition or enforcement of a foreign arbitral award. *Id*.

23. "A district court's review of a foreign arbitration award is quite circumscribed. *Ministry of Def. of Islamic Republic of Iran*, 969 F.2d at 770. Absent extraordinary circumstances, a confirming court is not to reconsider an arbitrator's findings. *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2nd Cir.

1998); *Injazat Tech. Fund, B.S.C. v. Hamid Najafi*, 2012 U.S. Dist. LEXIS 60923, *7 (N.D. Cal. May 1, 2012).

24. The New York Convention grounds for refusing enforcement are limited to: (1) lack of capacity of a party or invalidity of the arbitration agreement; (2) lack of proper notice or inability to present a case; (3) the award goes beyond the scope of the submission to arbitration; (4) the composition of the arbitral tribunal or the arbitral procedures were not in accordance with the parties' agreement or the applicable law; (5) the award has not yet become binding or has been set aside by a competent authority; (6) the subject matter of the dispute is not capable of being arbitrated; or (7) recognition of the award would be contrary to public policy. New York Convention, Article V, §1.

25. The review of an international arbitral award is likewise limited. "Rather than review the merits of the underlying arbitration, [the court] review[s] de novo only whether the party established a defense under the Convention." *China Nat'l Metal Prods. Imp./Exp. Co.*, 379 F.3d at 799. The Ninth Circuit has noted that the New York Convention and its implementing legislation "have a pro-enforcement bias, a policy long recognized by the Supreme Court." *Glencore Gran Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002).

26. The party seeking to avoid confirmation of the arbitral award has the burden of proving that one of the defenses applies. *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010); *Ministry of Def. of Islamic Republic of Iran*, 969 F.2d at 770. This burden is substantial because "the public policy in favor of international arbitration is strong, *id.*, and the New York Convention defenses are interpreted narrowly." *Id*.

27. Here, none of the grounds for refusing enforcement apply. There are no issues concerning lack of capacity, lack of proper notice, or inability to present a case. Indeed, the Award makes clear that Respondents had a full opportunity to present their case in multiple hearings and written submissions. There are also no issues concerning the composition of the arbitral tribunal, defects in the arbitral procedure, or whether the

1  subject matter was subject to arbitration. Further, the award is final and binding, has not
2  been set aside, and is not contrary to public policy.
3      28.   The Award was made in accordance with the terms and provisions of the
4  Loan Agreements and related agreements and analyzes in detail all of the arguments and
5  evidence presented by the parties.
6      29.   The Court should confirm the Award pursuant to the New York Convention
7  and the Federal Arbitration Act, 9 U.S.C. § 207, by entering judgment in favor of
8  Petitioners against Respondent.

**Request For Relief**

10     30.   Plaintiffs request that this Court enter its order confirming the Award in all
11  respects and granting Plaintiffs judgment in conformity with the Award, plus judgment for
12  Plaintiffs' reasonable attorneys' fees and taxable costs, plus interest on the foregoing in
13  the per diem amount pled in this petition from July 1, 2023, until the entry of judgment,
14  for post judgment interest, and for such other relief as the Court deems proper.

Dated: August 31, 2023

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: _____
John C. Gray
Robert M. Charles, Jr.

Attorneys for Plaintiffs
Black Soil Asset Management Limited, and
Qiang Chang Sun