UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK SOIL ASSET MANAGEMENT LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QIAN WANG, <br><br> Defendant. | Case No.  23-cv-04493-AGT <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 174 |

After the Court confirmed a foreign arbitration award, the parties stipulated to a protective order, which the Court approved. Dkt. 42. The stipulated order is based on the Court's model protective order, which sets parameters on how parties may use confidential information produced during discovery. The stipulated protective order provides that "[a] Receiving Party may use Protected Material that is . . . produced by another Party or by a Non-Party . . . only for prosecuting, defending, or attempting to settle this litigation." § 7.1.

Judgment Creditors seek to modify the protective order so they may use discovery obtained here "in other proceedings to satisfy the judgment." Dkt. 174 at 2. They believe Judgment Debtor may still hold extensive assets outside this District, and they want to pursue

his assets "wherever they may be found." *Id.*

The stipulated protective order is a "blanket protective order;" Judgment Debtor never made a "good cause" showing of a need for protection under Rule 26(c). *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Blanket protective orders are "by nature overinclusive," *id.*, and a party's reliance on one often gives way to "interests of judicial economy," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases . . . avoid[s] the wasteful duplication of discovery." *Id.*

Recognizing, however, that a party may seek to modify a blanket protective order in order "to subvert limitations on discovery in another proceeding," courts require parties who seek such modifications to first "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* at 1132.

Judgment Creditors haven't satisfied this standard. Although they've identified litigation in Shanghai in which they seek to enforce the same arbitration award at issue here, dkt. 174 at 2, they haven't established that the documents produced here are "general[ly] discoverab[le]" in the Shanghai action. *Foltz*, 331 F.3d at 1132.[1] China's discovery rules may not mirror those in the United States. *See* Judgment Debtor's Position, Dkt. 174 at 6 (asserting that "discovery in China is much more restricted").

The Court denies without prejudice Judgment Creditors' request to modify the stipulated protective order. Before the Court will modify the order in the manner contemplated,

---

[1] Given the overlapping subject matter of the two cases, documents produced here are almost assuredly relevant in the Shanghai action. Judgment Creditors have satisfied that part of the *Foltz* test. *See Foltz*, 331 F.3d at 1132 ("As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings . . . .").

Judgment Creditors must make a preliminary showing of "general discoverability" in the Shanghai action, or in another collateral proceeding, of the documents produced here. *Foltz*, 331 F.3d at 1132.

**IT IS SO ORDERED.**

Dated: March 20, 2026

_____
Alex G. Tse
United States Magistrate Judge