UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BLACK SOIL ASSET MANAGEMENT LIMITED, et al., <br><br>        Petitioners, <br><br>    v. <br><br> QIAN WANG, <br><br>        Respondent. | Case No.  23-cv-04493-AGT <br><br> **DISCOVERY ORDER; ORDER ON MOTION TO SEAL** <br><br> Re: Dkt. Nos. 190, 191 |

Last month, the Court ordered the Judgment Debtor's wife, Qin Wang, to produce all China Merchants Bank (CMB) account statements in her possession, custody, or control. Dkt. 189 at 1. Qin thereafter produced CMB account statements but redacted certain entries. *See* Dkt. 191-5 to -16. In making the redactions, she invoked the privilege against self-incrimination because of her concern that the redacted entries "could furnish a link in a chain of evidence that could subject [her] or [her] husband to criminal prosecution under the laws of the United States." Dkt. 190-2, Qin Wang Decl. ¶ 2.

The Judgment Creditors insist that Qin cannot rely on the privilege against self-incrimination to justify her redactions. For several reasons, the Court agrees.

First, the account statements are third-party business records that CMB voluntarily created. As a result, the content of the account statements isn't compelled testimony and so isn't protected by the privilege against self-incrimination. *See In re Grand Jury Subpoena, Dated Apr. 18, 2003*, 383 F.3d 905, 909 (9th Cir. 2004) ("Where the preparation of business records is voluntary, there is no compulsion present, and consequently the contents of those records are not privileged by the Fifth Amendment."); *United States v. Hubbell*, 530 U.S. 27, 35–36 (2000) ("[It] is [a] settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions . . . because the creation of those documents was not 'compelled' within the meaning of the privilege").[1]

Second, although the act of producing documents is sometimes testimonial—because "[b]y producing documents in compliance with a subpoena, the witness admits that the documents exist, are in his possession or control, and are authentic," *In re Grand Jury Subpoena*, 383 F.3d at 909—Qin already produced the account statements. As a result, she has waived any claim that the act of production would itself amount to compelled self-incrimination.[2]

Third, Qin hasn't cited any authority that would allow her to assert the privilege against self-incrimination in the manner in which she has done: by redacting non-testimonial statements from documents she produced. If she intended to assert that the "act of

---

[1] The decisions cited herein, including *In re Grand Jury Subpoena*, 383 F.3d 905, and *Hubbell*, 530 U.S. 27, considered the Fifth Amendment's privilege against self-incrimination. Qin has invoked the equivalent privilege under California Evidence Code section 940, s*ee* dkt. 190 at 6, but hasn't cited any authority suggesting that California's privilege would extend further than the Fifth Amendment's in this particular case.

[2] Further evidence of waiver is that Qin didn't invoke the privilege against self-incrimination in opposing the Judgment Creditors' previous request to compel production of the account statements. *See* Joint Statement, Dkt. 184 at 7 (reserving the right to designate CMB account statements as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but not invoking the privilege against self-incrimination).

production" would have been incriminating, she needed to withhold production altogether.

Fourth, even if Qin had invoked the privilege against self-incrimination *before* producing the CMB account statements, it is doubtful that the act of production would have been testimonial in this case. "[I]t is common knowledge that banks and financial institutions keep records and send out statement . . . ." *United States v. Tervort*, 2008 WL 5273492, at *6 (E.D. Cal. Dec. 18, 2008). As a result, the Judgment Creditors don't need to "rely[] on the 'truth-telling' of [Qin] to prove the existence of or [her] access to the documents." *Fisher v. United States*, 425 U.S. 391, 411 (1976). Also, the Judgment Creditors can "independently verify that the compelled documents are in fact what they purport to be," *In re Grand Jury Subpoena*, 383 F.3d at 912 (citation modified), by asking CMB to authenticate them. Because "there is no apparent testimonial value to any admission of the existence of the requested records or of [Qin's] possession of those documents," the privilege doesn't apply to the act of production. *Tervort*, 2008 WL 5273492, at *6.

Qin Wang cannot rely on the privilege against self-incrimination to redact line entries within the CMB account statements she produced. By June 8, 2026, she must produce unredacted copies of the account statements in question.[3]

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
Alex G. Tse
United States Magistrate Judge

---

[3] Qin must produce unredacted copies of the CMB account statements, but the Court will allow her to keep the redactions in place in the versions of the account statements that she filed on the docket with the parties' joint letter brief. Dkt. 191-5 to -16. The redacted entries reveal personal financial information that the public doesn't need to review to understand the instant dispute. The Court grants the motion to seal. Dkt. 191.