UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BLACK SOIL ASSET MANAGEMENT LIMITED, et al.,

Petitioners/Creditors,

v.

QIAN WANG,

Respondent/Debtor.

Case No. 23-cv-04493-AGT

**ORDER ON MOTION TO SEAL**

Re: Dkt. No. 198

For two reasons, the Court denies without prejudice the motion to redact portions of Creditors' motion in limine and to seal several exhibits to the motion in limine. Dkt. 198.

First, in support of sealing, Debtor relies on the "good cause" standard. Dkt. 201 at 3. The "good cause" standard applied earlier in the case, when the Court evaluated sealing requests in tandem with discovery disputes. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (explaining that the "good cause" standard applies "for sealed materials attached to a discovery motion unrelated to the merits of a case"); Dkt. 197 at 3 n.3 (granting motion to seal "personal financial information" filed in conjunction with a discovery dispute). But motions in limine, including Creditors', "are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099. As a result, the more

"stringent . . . compelling reason[s]" standard applies to the request to seal portions of Creditors' motion in limine. *Id.* at 1096 (citation modified). Debtor hasn't attempted to satisfy the "compelling reasons" standard, so sealing isn't currently justified.

Second, Debtor has asked the Court to seal the exhibits in question—deposition and debtor-examination excerpts—in their entirety. Dkt. 201 at 2. This request is almost certainly overbroad. Even if Debtor had offered a compelling reason for sealing a particular answer to a question asked during one of the depositions or the debtor's examination, that showing wouldn't support sealing the excerpts in their entirety. "A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a).

On or before July 28, 2026, Debtor may file a renewed motion to seal related to Creditors' motion in limine. The renewed motion must be narrowly tailored and any request to seal must be supported by a compelling reason. If Debtor doesn't file a renewed motion to seal by July 28, 2026, Creditors must file an unredacted version of their motion in limine and unsealed versions of the exhibits thereto by July 31, 2026.

**IT IS SO ORDERED.**

Dated: July 15, 2026

Alex G. Tse
United States Magistrate Judge